UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK A. CASTALDI, ) | |
| ) | |
| Petitioner, ) | Case No. 15-cv-5575 |
| v. ) | |
| ) | Judge John W. Darrah |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Frank Castaldi filed a *pro se* Motion to Vacate, Set Aside, or Correct [1] his sentence pursuant to 28 U.S.C. § 2255. For the reasons provided below, this Motion [1] is denied.

### BACKGROUND

Castaldi was charged with a violation of the mail fraud statute, 18 U.S.C. § 1341, arising from a Ponzi scheme that he ran from 1986 to December 2008. Castaldi confessed to the scheme in a series of interviews, beginning on December 19, 2008. Castaldi voluntarily provided incriminating information regarding his offense, produced files, consented to a search of his business, and met with law enforcement agents several times to describe the scheme and assist with the analysis of records. Castaldi pled guilty to one violation of the mail fraud statute and to one violation of 26 U.S.C. § 7212, interference with administration of internal revenue laws. Castaldi cooperated without any promises or protection from the government regarding charges or sentencing.

In his guilty plea, Castaldi admitted to running a Ponzi scheme for twenty years, in which he sold purported promissory notes by fraudulently representing: the risk involved in the

investment, the manner in which funds would be used, and the source of the returns on those investments. Castaldi continuously used funds raised from new investors to make interest payments to earlier investors. Castaldi told his investors that they would not have to report their income interest to the IRS or pay taxes on that interest. Castaldi admitted that he fraudulently obtained over seventy-seven million dollars from approximately 473 individuals and groups of investors. Castaldi also admitted that more than three hundred individual and group investors sustained losses of over thirty-one million dollars as a result of the scheme. Castaldi also admitted that he caused a tax loss of over eight million dollars through various actions related to the Ponzi scheme and functioning as a tax preparer for many of his clients.

Castaldi was sentenced to a two-hundred-and-forty-month term of imprisonment on the violation of the mail fraud statute and a consecutive term of thirty-six months' imprisonment for interference with internal revenue services. Castaldi appealed the sentence, but the Seventh Circuit affirmed.

## LEGAL STANDARD

Petitioner's *pro se* petition is construed liberally. *Ward v. Jenkins*, 613 F.3d 692, 700 (7th Cir. 2010). A prisoner convicted of a federal crime may move the district court that imposed the sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255. A petitioner must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief is only available in cases where jurisdictional or constitutional errors have caused a "complete miscarriage of justice." *Harris v. U.S.*, 366 F.3d

2

593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)). This is an "extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. U.S.*, 476 F.3d 518, 521 (7th Cir. 2007).

## ANALYSIS

In his § 2255 motion, Petitioner alleges that his counsel was ineffective because he failed to present specific evidence, arguments, and authorities on each of the sentencing factors under 18 U.S.C. § 3553(a). Petitioner argues that ineffective assistance of counsel made his sentence procedurally and substantively unreasonable. Petitioner must demonstrate two elements to prove ineffective assistance of counsel. First, "the defendant must show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the performance prong, a court "consider[s] the reasonableness of counsel's conduct in the context of the case as a whole, viewed at the time of the conduct, and there is a strong presumption that any decisions by counsel fall within a wide range of reasonable trial strategies." *Valenzuela v. United States*, 261 F.3d 694, 698-99 (7th Cir. 2001) (quoting *United States v. Lindsay*, 157 F.3d 532, 535 (7th Cir. 1998)). Second, "the defendant must show that the deficient performance prejudiced the defense . . . [*i.e.*] that counsel's errors were so serious as to deprive the defendant of a fair trial." *Strickland*, 466 U.S. at 687. "Only a significant increase in the sentence, attributable to counsel's error, constitutes prejudice." *Durrive v. United States*, 4 F.3d 548, 551 (7th Cir. 1993).

*Low Risk to Reoffend*

Castaldi argues that his counsel was deficient for failing to specifically argue that he was a low risk to reoffend. Even if defense counsel was deficient in not using the specific term of

3

"low risk to reoffend," the record shows that specific deterrence, essentially the risk to reoffend, was explicitly considered as a factor: "There's specific deterrence; that is, a sentence that will deter Frank Castaldi from violating the law. And that probably will never happen again. I don't believe this Court or any court in the United States will see Frank Castaldi . . . ." (Sent. Tr. 93:25-94:2.) As his risk to reoffend was considered, Castaldi did not suffer any prejudice.

*Failure to Object*

Castaldi also argues that his counsel was ineffective for failing to object to the Court's focus on deterrence. Castaldi's counsel argued at length for a below-guideline sentence. Ineffective assistance may arise from an attorney's unreasonable failure to identify an error in the guideline calculations and bring it to the court's attention. *Swanson v. United States*, 692 F.3d 708, 714 (7th Cir. 2012) (citing *United States v. Jones*, 635 F.3d 909, 916 (7th Cir. 2011)). However, this is not what Castaldi is arguing. Castaldi contends that his attorney was ineffective by not objecting to the Court's focus on deterrence and the harm caused by Castaldi's crimes. However, as the Seventh Circuit recognized, defense counsel gave detailed and lengthy argument regarding the sentencing factors in mitigation and why they were persuasive:

> Castaldi submitted a detailed sentencing memorandum with supporting evidence and letters. He argued for a below-guideline sentence of 100 months. He based this argument on several arguments in mitigation, including the circumstances of the offense (Castaldi in effect inherited the Ponzi scheme from his father and convinced himself he had to keep it going to protect his father); his lack of intent to cause harm; the absence of a greedy or lavish lifestyle; his extraordinary cooperation by voluntarily disclosing the scheme and laying out the details for the government without assurances of leniency; his wife's serious health problems; his own age (then 57 years old) and health problems; and numerous letters from family and friends attesting to his good character and genuine remorse.

*United States v. Castaldi*, 743 F.3d 589, 592-93 (7th Cir. 2014). Essentially, Castaldi is re-arguing the substantive issues he raised on appeal. However, "a Section 2255 motion is neither a

recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995) (quoting *Daniels v. United States*, 26 F.3d 706, 711 (7th Cir. 1994)). "Issues that were raised on direct appeal may not be reconsidered on a § 2255 motion absent changed circumstances." *Varela v. United States*, 481 F.3d 932, 935-36 (7th Cir. 2007). Castaldi has not pointed to any changed circumstances allowing for reconsidering the issues brought in his direct appeal.

*Voluntary Disclosure*

Castaldi argues that his trial counsel failed to inform the Court that he successfully paid $500,000 to an investor who demanded immediate payment in November 2008. Based on this, Castaldi further claims that his attorney should have argued that Castaldi turned himself in because he wanted to come clean regarding his crimes and not because he feared discovery. The Sentencing Guidelines provide that, "[i]f the defendant voluntarily discloses to authorities the existence of, and accepts responsibility for, the offense prior to the discovery of such offense, and if such offense was unlikely to have been discovered otherwise, a downward departure may be warranted." U.S.S.G. § 5K2.16. The money owed to this particular investor was never mentioned during Castaldi's sentencing hearing. However, Castaldi's sentencing memorandum does indicate that a request was made for half a million dollars in November 2008 and states that Castaldi went to friends and others to borrow money in order to pay that investor back. (Def's Sent. Memo, p. 20.) However, there was evidence to show that Castaldi knew that the Ponzi scheme was on the verge of collapse, as the sentencing memorandum also states that "[a]t the same time, all of [Castaldi's] businesses were failing and the economy was sagging." (*Id.*)

5

Additionally, at the sentencing hearing, one victim testified that she was suspicious of Castaldi and asked him questions just before he turned himself in. (Sent. Tr. 38:23-39:5.)

There was no error by Castaldi's counsel because counsel did indicate that the demanded funds were paid. Even if there was an error, there was no prejudice, as the circumstances indicated that Castaldi knew his scheme was on the verge of collapse. Moreover, the fact that Castaldi was able to pay this person back is not a mitigating factor. The court commented: "I guess what I'm reacting to is some suggestion that he wasn't in arrears with any of these people. The reason he did that is because he was creating more potential − [victims]. . . I don't view that as a plus." (Sent. Tr. 79:16-22.) Further, to the extent that Castaldi is challenging the Seventh Circuit's error, he cannot use a § 2255 motion to challenge that error. *See Varela*, 481 F.3d at 935. Castaldi's appellate counsel filed a Petition for Rehearing, which was denied on March 20, 2014. While the appellate attorneys did not raise this factual discrepancy in their Petition for Rehearing, it is unlikely that Petition would have been successful on this basis as the Seventh Circuit stated, "we can reasonably infer that some of the many victims who lost so many millions would have found their way to law enforcement." *United States v. Castaldi*, 743 F.3d 589, 597 (7th Cir. 2014).

Further, the Court heard argument that the government was not investigating or aware of Castaldi's Ponzi scheme. The Assistant U.S. Attorney stated the following:

> . . . Mr. Castaldi did come in in December of 2008. The government was not aware of, or investigating or, as far as I know, hadn't received complaints about his investment scheme, his [P]onzi scheme at that time. And he came in and he gave up a $77 million [P]onzi scheme.

(Sent. Tr. 81:13-17.) Counsel's performance was not defective for failing to argue U.S.S.G.

6

§ 5K2.16; and, even if it were, Castaldi did not suffer any prejudice, where it was likely the scheme would have been uncovered and where the Government argued that they were not aware of or investigating the scheme.

*Extraordinary Acceptance*

Castaldi also claims that his counsel was ineffective for failing to bring the Court's attention to authority "in favor of a downward variance for extraordinary acceptance of responsibility." To the extent that Castaldi is challenging his guideline range, defense counsel correctly calculated the range, which included a lower total offense level because "Frank personally accepted responsibility for his conduct in a timely manner so he is entitled to a 3 level reduction to his offense level." (Def's. Sent. Memo. p. 13.) Moreover, the sentencing guideline calculation was part of the plea agreement that Castaldi knowingly and intelligently made.

Both sides highlighted that Castaldi showed extraordinary acceptance. Defense counsel emphasized "the fact that he came forward, the fact that he gave extraordinary cooperation, the fact of the − how this began was not the typical, shall we say, or the usual situation." (Sent. Tr. 81:2-5.) Similarly, the Government noted:

> He brought in all the records, he gave consent to search his businesses, he provided sworn testimony and other statements without any legal protections. And then he met with the government. He met with government agents to try to unwind this largely cash business, largely cash payments, cash receipts, that were undocumented other than through notes.

(Sent. Tr. 81:18-24.) However, even if Castaldi was entitled to a guideline range reduction due to extraordinary cooperation, it would not have mattered. The Court recognized that "the total offense level grossly understate[d] the seriousness of the defendant's criminal conduct." (Sent. Tr. 91:2-4.)

Counsel was not ineffective for failing to argue extraordinary acceptance and cooperation. To the extent that Castaldi is arguing for a lower guideline range, that was part of his plea deal, which did not bind the Court in pronouncing a sentence. To the extent that Castaldi is arguing it should have been a factor in mitigation, that factor was argued, considered, and rejected.

*Unwarranted Disparities*

Castaldi also argues that defense counsel was ineffective for failing to research and present sentences in similar cases. This argument is clearly refuted by the record. Defense counsel argued that unwarranted sentencing disparities are not permitted. (Def's Sent. Memo. pp. 43-44.) Counsel also attached a chart showing sentences for similar crimes around the country. (Def's Sent. Memo. Exh. 44.) Counsel was not ineffective for failing to present sentences in similar cases so as to avoid unwarranted sentencing disparities.

*Restitution*

Finally, Castaldi argues that defense counsel was ineffective for failing to argue that a lesser sentence was necessary to allow for restitution. In determining a particular sentence to impose, a court must consider "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). The Seventh Circuit has held that the need to provide restitution is "not unique characteristics of the defendant or his crime that possibly could warrant a lower sentence" and "does not remotely resemble a factor in mitigation." *United States v. Moskop*, 499 F. App'x 592, 596 (7th Cir. 2013); *see also United States v. Treadwell*, 593 F.3d 990, 1012 (9th Cir. 2010) ("According to Treadwell's reasoning, the greater the amount of loss, the shorter the prison sentence should be, so that the defendant can begin repaying the victims sooner. This argument

borders on frivolous."). "A defendant's lawyer has, it is certainly true, no duty to make a frivolous argument; and there is a tactical reason not to make weak arguments (and *a fortiori* frivolous ones . . . which anyway are futile): they may distract the court from the strong arguments and as a result make it less likely to rule in the defendant's favor." *United States v. Rezin*, 322 F.3d 443, 446 (7th Cir. 2003). Defense counsel was not ineffective for failing to make a frivolous argument that Castaldi should receive a shorter sentence in order to repay his victims.

*Binding Plea Agreement*

Castaldi argues in his reply, for the first time, that his counsel was ineffective for failing to request and obtain a binding plea agreement. As an initial matter, "arguments raised for the first time in a reply brief are waived." *United States v. Joiner*, 847 F. Supp. 604, 607 (N.D. Ill. 1994) (citing *United States v. Hughes*, 970 F.2d 227, 235 n. 6 (7th Cir. 1992)). "Criminal defendants are entitled to the effective assistance of counsel when choosing to accept or reject an offer of a plea bargain." *Edwards v. United States*, 612 F. App'x 390, 392 (7th Cir. 2015) (citing *Lafler v. Cooper*, 132 S.Ct. 1376, 1384-85 (2012)). Castaldi assumes that the government would have agreed to a binding plea agreement because otherwise they would not have known about the scheme. There is no allegation that a binding plea agreement was offered or would have been accepted by the government. Additionally, the court would not have had to accept a binding plea. Castaldi knowingly and voluntarily entered into a non-binding plea agreement. Defense counsel was not ineffective for failing to request and obtain a binding plea agreement that may never have been offered or accepted.

*Certificate of Appealability*

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant on a *habeas* petition. A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made a substantial showing of the denial of a constitutional right; and, accordingly, a certificate of appealability shall not issue. Petitioner may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

## CONCLUSION

For the reasons discussed above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [1] is denied. No certificate of appealability shall issue.

Date: _____February 9, 2016_____   _____
JOHN W. DARRAH
United States District Court Judge