UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK CASTALDI, ) | |
| ) | |
| Petitioner, ) | Case No. 15-cv-5575 |
| v. ) | |
| ) | Judge John W. Darrah |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Frank Castaldi filed a *pro se* Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255, which was denied on February 9, 2016. On February 29, 2016, Petitioner filed a Motion for Reconsideration [18]. For the reasons stated below, Petitioner's Motion [18] is denied.

## BACKGROUND

Castaldi was charged with a violation of the mail fraud statute, 18 U.S.C. § 1341, arising from a Ponzi scheme that he ran from 1986 to December 2008. Castaldi confessed to the scheme in a series of interviews, beginning on December 19, 2008. Castaldi voluntarily provided incriminating information regarding his offense, produced files, consented to a search of his business, and met with law enforcement agents several times to describe the scheme and assist with the analysis of records. Castaldi pled guilty to one violation of the mail fraud statute and to one violation of 26 U.S.C. § 7212, interference with administration of internal revenue laws. Castaldi cooperated without any promises or protection from the Government regarding charges or sentencing.

Castaldi was sentenced to a two-hundred-and-forty-month term of imprisonment on the violation of the mail fraud statute and a consecutive term of thirty-six months' imprisonment for

interference with internal revenue services. Castaldi appealed the sentence, but the Seventh Circuit affirmed. Castaldi filed a *pro se* Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255, which was denied by this Court.

## LEGAL STANDARD

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). A manifest error "is not demonstrated by the disappointment of the losing party"; it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted).

## ANALYSIS

Petitioner's *pro se* motion is liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Petitioner does not cite to any manifest error of law or present any newly discovered evidence. Rather, Petitioner reargues two issues of his *habeas* petition and again alleges ineffective assistance of counsel.

Petitioner must demonstrate two elements to prove ineffective assistance of counsel. First, "the defendant must show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the performance prong, a court "consider[s] the reasonableness of counsel's conduct in the context of the case as a whole, viewed at the time of the conduct, and there is a strong presumption that any decisions by counsel fall within a wide range of reasonable trial strategies." *Valenzuela v. United States*, 261 F.3d 694, 698-99 (7th Cir. 2001) (quoting *United States v. Lindsay*, 157 F.3d 532, 535 (7th Cir. 1998)). Second, "the

defendant must show that the deficient performance prejudiced the defense . . . [*i.e.*] that counsel's errors were so serious as to deprive the defendant of a fair trial." *Strickland*, 466 U.S. at 687. "Only a significant increase in the sentence, attributable to counsel's error, constitutes prejudice." *Durrive v. United States*, 4 F.3d 548, 551 (7th Cir. 1993).

*§ 5K2.16*

Petitioner asks the Court to reconsider his counsel's alleged failure to invoke United States Sentencing Guidelines Policy Statement § 5K2.16, which states, "[i]f the defendant voluntarily discloses to authorities the existence of, and accepts responsibility for, the offense prior to the discovery of such offense, and if such offense was unlikely to have been discovered otherwise, a downward departure may be warranted." U.S.S.G. § 5K2.16. Specifically, Castaldi argues that his counsel's failure to raise this specific issue at trial resulted in the denial of a fair and just appellate review of his sentence. The Seventh Circuit reviewed Castaldi's claim under plain error since the specific issue of § 5K2.16 was not raised at sentencing; however, the Seventh Circuit held that there was "no error, let alone a plain or obvious one." *United States v. Castaldi*, 743 F.3d 589, 597 (7th Cir. 2014).

Castaldi argues that his trial counsel failed to inform the Court that he successfully paid $500,000 to an investor who demanded immediate payment in November 2008. Based on this, Castaldi alleges that this fact was kept from the Court. However, as previously stated in the ruling on the *habeas* petition, Castaldi's sentencing memorandum does indicate that a request was made for half a million dollars in November 2008 and states that Castaldi went to friends and others to borrow money in order to pay that investor back. (Def's Sent. Memo, p. 20.) The Court also heard argument that the Government was not investigating, or aware of, Castaldi's

3

Ponzi scheme. *See* (Sent. Tr. 81:13-17.) There was no error by Castaldi's counsel because counsel filed a sentencing memorandum that indicated the demanded funds were paid.

Furthermore, there was no prejudice, as evidence indicated Castaldi knew his scheme was on the verge of collapse. The sentencing memorandum also stated that "[a]t the same time, all of [Castaldi's] businesses were failing and the economy was sagging." (Def's Sent. Memo, p. 20.) Additionally, at the sentencing hearing, one victim testified that she was suspicious of Castaldi and asked him questions just before he turned himself in. (Sent. Tr. 38:23-39:5.) This was also indicated by the Seventh Circuit, which stated: ". . . we can reasonably infer that some of the many victims who lost so many millions would have found their way to law enforcement." *Castaldi*, 743 F.3d at 597.

The basis for § 5K2.16 was considered by the Court through the Defendant's sentencing memorandum and the Government's argument and rejected as a mitigating factor: "I guess what I'm reacting to is some suggestion that he wasn't in arrears with any of these people. The reason he did that is because he was creating more potential − [victims]. . . I don't view that as a plus." (Sent. Tr. 79:16-22.) Petitioner's counsel did not commit error, and Petitioner did not suffer prejudice. Petitioner has cited to no manifest errors of law or fact and has presented no newly discovered evidence as to his § 5K2.16 argument.

*Binding Plea*

Petitioner also argues that his counsel should have sought a binding plea agreement. Under this preface, and for the first time, Petitioner raises the issue that his counsel was ineffective for not seeking relief from a speedy trial violation. Motions to reconsider "are not

appropriate vehicles for introducing evidence that could have been produced prior to the entry of judgment or for tendering new legal theories for the first time." *Jefferson v. Sec. Pac. Fin. Servs., Inc.*, 162 F.R.D. 123, 125 (N.D. Ill. 1995) (citing *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)). This is both a new legal theory and, if there were evidence that such a violation occurred, evidence that could have been produced in Petitioner's request for *habeas* relief.

The record reflects that the Government filed two *agreed* motions for an extension of time to return the indictment, which were granted by Judge Holderman. Those motions extended the time to file an indictment to July 22, 2009; and the indictment was entered on July 21, 2009. Petitioner argues that these were inappropriate "prospective waivers" that his counsel could not agree to. *Zedner v. United States*, 547 U.S. 489, 502 (2006). However, Petitioner does not argue that Judge Holderman failed to make the requisite findings on the record in granting the Government's requests to exclude time. *See id.* at 508 (". . . if a judge fails to make the requisite findings regarding the need for an ends-of-justice continuance, the delay resulting from the continuance must be counted, and if as a result the trial does not begin on time, the indictment or information must be dismissed.")

Petitioner then makes the related argument that his counsel was ineffective for failing to use a motion to dismiss as "leverage" for a binding plea agreement. Again, there is no allegation that a binding plea agreement was offered or would have been accepted by the Government. Petitioner's counsel was not ineffective for failing to file a motion to dismiss due to a speedy-trial violation and was not ineffective for not using a motion to dismiss as leverage for a binding plea agreement.

5

## CONCLUSION

Petitioner's Motion for Reconsideration [18] is denied.

Date:     March 17, 2016            _____
                                    JOHN W. DARRAH
                                    United States District Court Judge